# United States Court of Appeals
## For the First Circuit

No. 08-1497

UNITED STATES OF AMERICA,

Appellee,

v.

FELIX GONZALEZ-MELENDEZ,

Defendant, Appellant.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. José Antonio Fusté, U.S. District Judge]

Before

Lipez, Hansen,* and Howard,
Circuit Judges.

Rafael F. Castro Lang for appellant.
German A. Rieckehoff, Assistant United States Attorney, with whom Rosa E. Rodriguez Velez, United States Attorney and Nelson Pérez-Sosa, Assistant United States Attorney, Chief, Appellate Division, were on brief, for appellee.

June 19, 2009

*Of the Eighth Circuit, sitting by designation.

**Per Curiam**. Defendant-appellant Felix Gonzalez-Melendez was indicted on one count of aiding and abetting a carjacking, in violation of 18 U.S.C. § 2119(1) and (2), and one count of using a firearm during and in relation to a carjacking (which is a crime of violence), in violation of 18 U.S.C. § 924(c). After trial, a jury convicted Gonzalez-Melendez of the carjacking charge, but acquitted him of the firearms charge.

On appeal, Gonzalez-Melendez alleges several infirmities in the proceedings below, including a deficiency in the district court's handling of his discovery request for certain prior out-of-court statements made by Lawrence Evans, the general manager of Essroc San Juan, who was the supervisor of both the victim of the carjacking and the appellant. The government concedes that the district court did not comply with its obligation independently to review the government's compliance with the Jencks Act, 18 U.S.C. § 3500, as required by circuit precedent. Accordingly, we remand this case to the district court for limited proceedings consistent with this order, while retaining jurisdiction over the appeal.

In addition, appellant argues that the record does not reflect any indication of how the district court handled the jury's first (2:15 pm) note requesting copies of the indictment and the court's instructions of law, as well as an explanation of an unspecified issue from the district court. A district court's failure to attempt to inform defense counsel about the existence of

-2-

a jury note, and further failure to solicit defense counsel's input regarding any response to such a note, violates Rule 43 of the Federal Rules of Criminal Procedure. See United States v. Ofray-Campos, 534 F.3d 1, 17 (1st Cir. 2008) cert denied, 129 S. Ct. 588 (2009) (citing Fed R. Crim. P. 43(a)(2)). Because the Jencks Act challenge requires a remand in any event, we invite the district court to augment the record with additional details about its handling of the first jury note, including whether it attempted to appraise counsel of the note's existence, if so, whether and how quickly counsel responded, and finally, the court's ultimate response, if any, to the note. If necessary, we will address the appellant's remaining claims after district court proceedings pursuant to this limited remand have been concluded.

Because we deal with such a small portion of this case, we provide only a background of the events that gave rise to the Jencks Act challenge and the issue concerning the jury note. Immediately after Evans completed his testimony on direct appeal, the defense requested discovery of any prior statements made by Evans relating to the subject matter of his testimony that were in the government's possession. See 18 U.S.C. § 3500(a). The government had in its possession an FD-302 Form, which is a an FBI form that reports on and summarizes an FBI agent's interview of a witness. See United States v. Skilling, 554 F.3d 529, 577-78 (5th Cir. 2009) (describing these Forms and noting that the government

-3-

disclosed them in that case). The government, however, claimed that this Form was not discoverable because the witness never adopted the Form, and therefore the contents of the Form did not constitute a "statement" of the witness within the meaning of the Jencks Act. 18 U.S.C. § 3500(e)(1) (defining statement of a witness to include a "written statement" that is "signed or otherwise adopted" by the witness). Over the objections of the defendant, the district court denied discovery of the FD-302 Form on this basis.

We fast-forward past the rest of the trial (and the alleged errors that occurred therein) and resume with the jury's deliberations. Shortly after the jury began its deliberations, the jury sent an unsigned note to the district judge that said "[p]lease send a copy of the indictments and the instructions of law. Please explain. Thanks a lot." This note was duly marked as jury note number one and docketed. But neither the docket nor the record reveals any indication of what if anything the district court did in response to the jury note. Indeed, the copy of the note in the district court docket is the only reference to the note in the record.[1]

On appeal, the appellant argues that the district court's Jencks Act ruling was in error, and the government agrees. See

---

[1]The district court received two other notes from the jury on the same day, and neither party challenges the district court's handling of these notes.

G'vt. Br. at 34-36.  Where a defendant requests discovery of potential Jencks material, our precedent requires the district judge to conduct an <u>independent</u> investigation of any such materials and determine whether these materials are discoverable under the Jencks Act.[2]  In this case, because the substance of the Form 302 was relevant to the witness's testimony, the district court should have determined whether the Form 302 was producible under the Jencks Act, 18 U.S.C. § 3500(e).[3]  <u>E.g.</u>, <u>United States</u> v. <u>Rosario-Peralta</u>, 175 F.3d 48, 55 (1st Cir. 1999) (explaining procedure with respect to subsection(e)(1)); <u>United States</u> v. <u>Neal</u>, 36 F.3d 1190, 1197-98 (1st Cir. 1994) (explaining procedure with respect to subsection (e)(2)).

Because the Jencks Act contains several definitions of "statement," the district court was obliged (and on remand, is

[2]This independent review may include such measures as <u>in camera</u> inspection of any disputed document(s), and conducting a hearing to evaluate extrinsic evidence, including taking the testimony of the witness whose potential "statements" are at issue as well as the person who prepared the written document in which those statements appear.  <u>See generally</u> <u>Goldberg</u> v. <u>United States</u>, 425 U.S. 94, 108-09 (1976).

[3]In this case, the document would have been producible if it was a "statement" made by Evans.  A "statement" within the meaning of the Jencks Act is (1) a written statement made, adopted, or approved by the witness, 18 U.S.C. § 3500(e)(1); (2) a recording (or transcription thereof) that is a substantially verbatim recital of an oral statement made by the witness and recorded contemporaneously with the making of the oral statement, <u>id.</u> at § (e)(2); or (3) a statement (or transcription thereof) made by the witness to a grand jury, <u>id.</u> at § (e)(3).

obliged) independently to determine whether the Form 302 meets any of the Jencks Act's definitions of "statement."

With respect to a written statement of a witness, see 18 U.S.C. § 3500(e)(1), it is sufficient but not necessary that the supposed "statement" be signed by the witness or consist of a substantially verbatim recording of a prior oral statement. Campbell v. United States, 373 U.S. 487, 492 n.6 (1963). Moreover, it is equally clear that the witness need not write the statement himself. Id. Furthermore, a witness may orally adopt a statement, even if he has reviewed the statement only aurally. See generally id. at 489-91 (finding that copies of notes federal agent took during witness interview, the accuracy of which the agent confirmed by reading them back to witness who agreed notes were accurate, was a statement adopted by the witness for Jencks Act purposes); United States v. Colon-Diaz, 521 F.3d 29, 38-40 (1st Cir. 2008). Finally, any materials substantially equivalent to a "statement" that the witness has orally adopted can themselves be considered materials "adopted" by the witness for purposes of the Jencks Act. Campbell, 373 U.S. at 495-96 (concluding that interview report prepared from interview notes adopted by witness was reasonably found to be an accurate "copy" of witness's orally adopted statement); see also Colon-Diaz, 521 F.3d at 38-40 (noting that government disclosed DEA-6 reports that witness adopted orally).

Of course, there may be other scenarios in which an unsigned document is nevertheless adopted and is therefore disclosable under the Jencks Act. On remand, the parties and the district court will have the opportunity to explore this matter further.

In addition, although it was not considered at length below, the district court on remand should consider whether this particular Form 302 is a "substantially verbatim recital of an oral statement" made by a witness and recorded contemporaneously. 18 U.S.C. § 3500(e)(2). As we have long held, a longhand writing, which "fairly follow[s] a witness'[s] words, subject to minor, inconsequential errors" is discoverable under § (e)(2) of the Jencks Act. Neal, 36 F.3d at 1198 (citations omitted).

Thus, consistent with Supreme Court and circuit precedent, we remand this case to the district court for the limited purpose of revisiting its Jencks Act ruling in light of the proper legal standards. The district court should independently satisfy itself whether or not the Form 302 reflecting an FBI interview with Evans was discoverable under the Jencks Act. In that endeavor, we note that it would be difficult to complete the task without reviewing the document itself and that it likely would be helpful to hear from not only Mr. Evans, but also the agent(s) who interviewed him and the agent who prepared the Form. See Campbell, 373 U.S. at 490-91.

If, after applying the legal standards articulated here, the district court concludes that the Form is not discoverable, it should "supplement the record with findings" supporting this decision. Goldberg, 425 U.S. at 111; Rosario-Peralta, 175 F.3d at 57-58; Neal, 36 F.3d at 1199. If, however, the court finds that there was a Jencks Act violation, it must further consider whether the government's failure to disclose these materials was harmless. See, e.g., Goldberg, 425 U.S. at 111-12 ("On the other hand, if the court concludes that the Government should have been required to deliver the material, or part of it, to petitioner, and that the error was not harmless, the District Court will vacate the judgment of conviction and accord petitioner a new trial.") (footnote omitted); Erkman v. United States, 416 U.S. 909, 913 (1974); United States v. Lucas, 516 F.3d 316, 347 & n.120 (5th Cir. 2008) (citing United States v. Ramirez, 174 F.3d 584, 587 (5th Cir. 1999)); United States v. Oruche, 484 F.3d 590, 597 (D.C. Cir. 2007) (citation omitted); Neal, 36 F.3d at 1199. Should the court conclude that the failure to disclose was harmless, it should supplement the record with an explanation of why the nondisclosure was harmless and why a new trial is not appropriate. Neal, 36 F.3d at 1199. In this regard, we note that "[s]ince courts cannot speculate whether Jencks material could have been utilized effectively at trial, the harmless-error doctrine must be strictly applied in Jencks Act cases." Goldberg, 425 U.S. at 111 n.21

(internal quotation marks and citations omitted); <u>Erkman</u>, 416 U.S. at 909 ("harmless error doctrine should be employed with restraint in Jencks Act cases").

Thus, we remand to the district court to conduct further proceedings to determine whether the Form 302 was discoverable under the Jencks Act, and if so, whether a new trial should be granted. In addition, on remand, the district court should explain what action, if any, it took in response to the first jury note received at 2:15 pm. In particular, it would be helpful for the court to explain whether the court attempted to apprise counsel of the note, if so, whether and how quickly counsel responded, and how the court ultimately handled the note, including whether any documents were provided to the jury, and whether the court provided the jury with any other written or oral instructions.

We retain jurisdiction over this appeal, and will resume consideration of the remaining issues in this appeal, including any challenges to the district court's revised Jencks Act determinations, and/or the court's handling of the jury note after the proceedings on remand have concluded.

<u>It is so ordered</u>.